**Howard BURGARDT, Plaintiff,**

v.

**Dr. Steve DAVIES, et al., Defendants.**

**No. 90–3422–S.**

United States District Court,
D. Kansas.

Sept. 17, 1992.

Howard Burgardt, pro se.

Martha M. Snyder, Kristy L. Hiebert, Office of Atty. Gen., Topeka, Kan., Gregory N. Pottorff, Turner & Boisseau, Chartered, Christopher F. Pickering, Shughart, Thomson & Kilroy, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' motions for summary judgment.[1] Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas. He complains that he was denied due process and equal protection in being disciplined for destroying state property, in this case, plaintiff's wheelchair. Plaintiff also complains he is denied adequate medical care for multiple sclerosis. Plaintiff states he is denied particular but unidentified medication for his disease. Plaintiff seeks damages from all defendants, and injunctive relief to have plaintiff evaluated· by a doctor outside LCF.

Both sets of defendants filed extensive supporting documentation with their pleadings. Plaintiff filed no response to either motion for summary judgment. Having reviewed the entire record, the court finds summary judgment should be granted to all defendants.

*Due Process and Equal Protection*

██ It is clear that certain due process standards are recognized for prison disciplinary proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In the present case, however, no examination of these standards is called for where the record clearly demonstrates that plaintiff already has received full relief on his due process claim through the prison's internal administrative review.

Plaintiff complains that he was denied the opportunity to call witnesses during his disciplinary hearing. The record reflects that plaintiff was found guilty of destroying state property and was fined $15 and the cost of repairing the wheelchair. On administrative review, the Warden revoked the conviction and sentence.[2] The offense is no longer on plaintiff's prison record, and neither the fine nor repair costs were ever deducted from plaintiff's prison account. The court, therefore, finds a factual or legal basis no longer exists for plaintiff's claim that he was denied due process.

██ Plaintiff's equal protection claim is based on his broad and conclusory claim that he was discriminated against in not receiving as good a wheelchair as other inmates. Absent more information, the court finds this bare allegation is wholly

---

1. Defendants Boswell and Napier, represented by private counsel, filed a Motion for Judgment on the Pleadings, or in the alternative, for Summary Judgment (Doc. 28). Defendants Warder, Savino, Hoang, and Seig, all represented by the Attorney General of the State of Kansas, filed a motion for summary judgment (Doc. 37).

2. The warden also ordered a new hearing, which was never held. Accordingly, the disciplinary case was dismissed.

insufficient to state a claim of constitutional deprivation.

### Cruel and Unusual Punishment

█ Deliberate indifference to serious medical needs of a prisoner constitutes unnecessary and wanton infliction of pain under the eighth amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference to serious medical needs is demonstrated when an inmate is prevented by prison officials from receiving recommended medical treatment. *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Denial of care must be continuing, unsupported by a competent, recognized school of practice, and must equal a denial of needed treatment. *Medcalf v. State of Kansas,* 626 F.Supp. 1179, 1182 (D.Kan.1986).

█ In the present case, plaintiff generally complains that assistance and medical attention was delayed for plaintiff's seizures. The record discloses numerous reports of plaintiff falling, but no indication or verification that plaintiff suffered any seizure. The record demonstrates that plaintiff's falls received appropriate medical attention.

Plaintiff also complains he was denied a certain but unidentified medication for "his disease," which the court presumes to be multiple sclerosis. The record reflects that a doctor at Kansas University Neurological Institute recommended that plaintiff be treated with a different medication than plaintiff had been taking. The LCF pharmacy did not carry the recommended medication, but requested approval to obtain the drug. Approval was given and plaintiff received the new medication three days after it was recommended.

The record reveals that plaintiff received medical evaluation by physicians outside LCF. These outside consultants ran various medical tests and prescribed treatment which included new medication and physical therapy. The record shows that this recommended treatment was provided. Additionally, the record evidences that plaintiff has a wheelchair in good operating condition.

Evaluating plaintiff's claims in the light of these uncontroverted facts and the above cited authorities, the court finds no basis for plaintiff's claims that plaintiff's medical needs have been deliberately disregarded.

### Conclusion

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). This standard is clearly satisfied in the present case where the court finds plaintiff's due process claim has been rendered moot, and plaintiff has failed to state a claim, either under the equal protection clause or the eighth amendment, upon which relief can be granted under § 1983. Accordingly, the court concludes that all defendants are entitled to summary judgment on all claims.

IT IS THEREFORE ORDERED that defendants' motions for summary judgment are granted, and that all relief requested by plaintiff is denied. The clerk of the court is directed to transmit copies of this order to plaintiff and to the Office of the Attorney General for the State of Kansas.